## VANAUKIN v. SMITH.

APPEAL from the *Steuben* Circuit Court.

RAY, J.—The complaint in this case is for cattle and hogs sold and delivered by the appellee to the appellant.   The

answer is in two paragraphs. 1st. General denial. 2d. Payment. The issues were tried by a jury who returned a verdict for the appellee, and also found specially that the appellant only purchased of the appellee an undivided one-half interest in the hogs. A motion for a new trial was overruled, and judgment rendered for the appellee.

On the trial the court instructed the jury that "Under the issues in this case the plaintiff is entitled to recover for the hogs sold and delivered, if the jury believe from the evidence that there was such sale and delivery, whether the hogs were the sole and entire property of the plaintiff or were jointly owned by him and another, for the reason that under the statute if another person were jointly interested in the property sold, and ought to have been joined as plaintiff, that point ought to have been raised by demurrer to the complaint, or by answer, and not having been so raised must be deemed to be waived. But the plaintiff can only recover the value of the interest actually owned by him, and if that was an undivided one-half interest, the value of that one-half interest, at the price per hundred pounds agreed on, is all he will be entitled to recover." The appellant excepted to this instruction, and the only question presented by the record is, was the instruction correct?

The evidence is not in the record, and the finding of the jury that the appellant only purchased the interest of the appellee in the hogs, shows very clearly that no other person could have been a proper party plaintiff. The person who owned the other undivided half interest in the hogs had not disposed of that interest to the appellant, and could not claim any recovery from him. The record therefore does not present the question argued by counsel, viz: whether, where the interests of several partners have been sold, each partner can maintain a separate action for the value of his interest?

The averment that the appellee sold a greater interest than he did in fact dispose of, does not, under the issue

raised by the general denial, prevent his recovering the value of the interest the appellant purchased from him.

The judgment is affirmed, with five per cent. damages and costs.

*A. Ellison,* for appellant.

*Woodhull* and *Croxton,* for appellee.